## WILLIAMS S. S. CO., Inc., v. WILBUR et al.*

(Circuit Court of Appeals, Ninth Circuit. December 14, 1925.)

No. 4675.

1. Appeal and error ⬥199 —Error cannot be predicated on order of consolidation for trial, in absence of exception and other showing.

Error cannot be predicated on order consolidating similar cases for trial, in absence of exception thereto, or showing at whose instance consolidation was granted, or that either of parties opposed it.

2. Trial ⬥2—Motion for consolidation of similar cases is addressed to discretion of court.

A motion for consolidation for trial of similar cases is addressed to discretion of court.

3. Shipping ⬥132(5)—Fire statute held inapplicable in libel for damages to fish meal.

In libel for damages to fish meal from fire, which broke out from spontaneous combustion as result of improper stowage, evidence, in view of shipowner's contention that stowage was in usual and customary manner, held to warrant finding that method of stowage was known to and acquiesced in by owner; thus taking case out of fire statute (Rev. St. § 4282 [Comp. St. § 8020]).

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; Frank H. Kerrigan, Judge.

Libel by Brayton Wilbur and others, copartners doing business under the firm name and style of the Wilbur-Ellis Company, against the Williams Steamship Company, Inc., claimant of the American steamer Willsolo, her engines, boilers, tackle, apparel, furniture, etc. Decree for libelant, and respondent appeals. Affirmed.

Thacher & Wright, of San Francisco, Cal. (Thomas A. Thacher, Harrison A. Jones, and W. Kevin Casey, all of San Francisco, Cal., of counsel), for appellant.

Harold M. Sawyer and Alfred T. Cluff,

*Affirming decree 9 F.(2d) 940.

both of San Francisco, Cal. (Daniel W. Evans, of San Francisco, Cal., of counsel), for appellees.

Before HUNT, RUDKIN, and McCAMANT, Circuit Judges.

RUDKIN, Circuit Judge. This was a libel to recover damages to a cargo of fish meal shipped on board the steamer Willsolo from Baltimore, Md., to Portland, Or. The meal heated in the course of the voyage, and when the hatches were thrown open at San Francisco fire broke out in the hold where the cargo was stored, through spontaneous combustion. As a result of the heating and fire the cargo was damaged and partially destroyed.

[1, 2] After a part of the testimony had been taken by deposition, but before the commencement of the trial in the court below, the case was consolidated for trial with a somewhat similar case pending in the same court at the same time, and the order of consolidation is assigned as error. The record simply shows that the motion to consolidate came on for hearing and was granted after argument. It fails to show at whose instance the consolidation was granted, or which, if either, of the parties opposed the motion, and no exception was reserved to the ruling of the court. In this state of the record there is no question before us for review, but, in any event, the motion was addressed to the discretion of the court, and no abuse of discretion is shown.

The principal contention of the appellant is that the damages resulted from the inherent qualities of the cargo, or from fire, and that in either event it is not responsible. The appellees, on the other hand, contend that the damages were caused by improper stowage and inadequate ventilation. The court below found in favor of this latter contention, and the finding is amply supported by the testimony. In such circumstances the finding will not be reviewed on appeal. The Mazatlan (C. C. A.) 287 F. 873, and cases cited.

[3] The proximate cause of the damage was therefore improper stowage and imperfect ventilation, and, if the neglect in that regard was the neglect of the owner, the fire statute upon which the appellant relies has no application, because that statute expressly excepts loss or damage by fire caused by the design or neglect of the owner. R. S. § 4282 (Comp. St. § 8020). The court below found that the method of stowage followed in this case was known to and acquiesced in by the general agent of the owner at Balti-

more, who had supervision of the loading of cargo for the appellant for a period of three years. The appellant challenges this finding, but we think that it is supported by the testimony. One of the witnesses testified that fish meal had been stowed on other vessels operated by the appellant in a very similar manner on several occasions, that it was the practice of the appellant to stow fish meal in that way, that he had seen the general agent at Baltimore on board while the stowage of fish meal was in progress, and that the agent saw and knew the manner in which such cargo was stowed. In addition to this, the appellant contends that the cargo now in question was stowed in the usual and customary manner. In the face of this testimony and this contention, it cannot be said that the owner was not responsible for the method of stowage adopted and followed, even though there is an absence of testimony tending to show that its managing officers or agents superintended the stowage of this particular cargo.

We find no error in the record, and the decree is affirmed.