**ANDERSON et al. v. LORENTZEN, Director of Shipping and Curator of Royal Norwegian Government, et al.**

**ROBERTSON v. SAME.**

**DE PINTO v. SAME.**

**SCIANLEPORA v. SAME.**

No. 176, Docket 20480.

Circuit Court of Appeals, Second Circuit.

Argued Feb. 11, 1947.

Decided March 12, 1947.

Nathan Baker, of Hoboken, N. J. (John B. O'Neill, of Jersey City, N. J., of counsel; Benjamin H. Siff, of New York City, on the brief), for plaintiffs.

Haight, Griffin, Deming & Gardner, of New York City (J. Ward O'Neill and John Osnato, Jr., both of New York City, of counsel), for defendants.

Before SWAN, CHASE, and CLARK, Circuit Judges.

CHASE, Circuit Judge.

Fourteen stevedores employed by the Northern Dock Company brought suits in the District Court for the Southern District of New York against Oivind Lorentzen, as the owner of the "S. S. Hoegh Silvercloud," in his capacity as Director of Shipping and Curator of the Royal Norwegian Government doing business as The Norwegian Shipping and Trade Mission; and against the Kerr Steamship Company, Inc., a Delaware corporation, the owner's agent, to recover damages for personal injuries. Jurisdiction was based on diversity. The suits were consolidated for trial and appeals from the judgments were argued together. Six of the plaintiffs were injured while unloading cargo from the "Hoegh Silvercloud" at Pier 3, Hoboken, New Jersey, in November 1943, and each of these recovered a judgment. From those judgments the defendants have appealed. Eight of the plaintiffs who worked on the dock, but not in unloading the cargo, failed to recover and they have appealed. The suits were tried to a jury which returned verdicts on which the judgments were entered.

The plaintiffs were injured in the following way. Those who worked unloading cargo contracted a dermatitis caused by handling leaky steel drums containing cashew nut liquid which had leaked out upon and around some of the drums and to the deck where they were stored. The others became infected while working on the dock with gear which had been used in the discharge of the drums and which, as well as the dock, had been contaminated by the leaking liquid.

The Northern Dock Company knew that cashew nut liquid was a corrosive which might cause a dermatitis if it came into contact with the skin and had a supply of special cream at the dock for its employees to use as a preventative. Apparently the plaintiffs were not told to use it and, in any event, neither of the defendants supplied anything of the sort or warned the plaintiffs of the danger.

The defendants-appellants have argued that, since the employer of the stevedores who unloaded the liquid was aware of the danger, they were under no duty to warn those who worked for that independent contractor. We cannot agree. The defendants-appellants not only owed the duty to provide a seaworthy ship on which these stevedores who unloaded the cargo might work, Seas Shipping Co. Inc. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, but they owed them, as invitees, or business visitors, the duty to provide a reasonably safe place to do their work. Fodera v. Booth American Shipping Corp., 2 Cir., 159 F.2d 795. This duty was non-delegable and persisted despite any concurrent duty on the part of the stevedoring company. Vanderlinden v. Oivind Lorentzen, 2 Cir.,

139 F.2d 995; LaGuerra v. Brasileiro, 2 Cir., 124 F.2d 553; Grillo v. Royal Norwegian, 2 Cir., 139 F.2d 237; Sciolaro v. Asch, 198 N.Y. 77, 91 N.E. 263, 32 L.R.A., N.S., 945. To the extent that the deck was made dangerous by the presence of the liquid which had leaked out upon it the deck itself was an unsafe place to work and it was at least the duty of the defendants to warn the stevedores who worked there of that danger. Puleo, Admr'x v. H. E. Moss Company et al., 2 Cir., 159 F.2d 842.

■ Moreover, the defendants-appellants were charged with whatever knowledge they would have acquired as to the nature and characteristics of cargo carried on their ship by the exercise of reasonable care to acquaint themselves with the facts and were bound to take reasonable precautions in the light of such knowledge to protect the cargo. Williams S. S. Co., Inc. v. Wilbur, et al., 9 Cir., 9 F.2d 622. The knowledge so imputable to the defendants-appellants is not only a factor to be given effect in determining their obligation to protect cargo but their duty to protect those who worked upon the cargo likewise depends upon what they should have known about it as well as upon what they did know. Cargo which was unsafe to work upon made the place of work unsafe. See, LaGuerra v. Brasileiro, supra.

Freeman v. A. H. Bull S. S. Co., 5 Cir., 125 F.2d 774, 775 is distinguishable. That was a suit in rem against a vessel which was, as the court pointed out, "under charter, and had no control over the loading and unloading or knowledge of the condition of the cargo."

■ We find no error in the submission to the jury of this issue of negligence in failing to warn and the evidence was sufficient to support the verdict on that phase of the case. As the defendants-appellants have not argued in their brief that it was error to submit another ground for recovery based upon the carrier's failure to label the drums as provided by regulations promulgated by the Secretary of Commerce on April 9, 1941, pursuant to the provisions of § 4472, R.S., as amended, 46 U.S.C.A. § 465, we have no occasion to deal with that. The judgment for the plaintiffs-appellees are all affirmed.

■ The appellants who did not recover, of course, had the burden to show that the negligence of the defendants was the proximate cause of their injuries. They do not now complain of any error in the admission or rejection of evidence or in the charge to the jury. Their complaint is, in effect, that it was inconsistent for the jury to find for the other plaintiffs and not for them. As their relationship to the defendants was not legally the same, the claimed inconsistency is illusory. It was for the jury to decide after weighing all the relevant evidence whether these plaintiffs had carried their burden not only to prove that the defendants had been negligent as to them but that such negligence was a proximate cause of their injuries. In the absence of trial error such a verdict cannot be disturbed on appeal. Barreda v. Silsbee, 21 How. 146, 62 U.S. 146, 16 L.Ed. 86.

Affirmed.