**MIKKELSEN v. THE GRANVILLE et al.**
No. 19231.

United States District Court
E. D. New York.
June 28, 1951.

Haight, Deming, Gardner, Poor & Havens, New York City, proctors for claimant-appellant, Skibs A/S Sommerstad; Walter A. Darby, Jr., New York City, advocate.

Purdy, Lamb & Catoggio, New York City, proctors for Sigurd Golten Mach. Corp., respondent - impleaded - appellee; Vincent A. Catoggio, New York City, advocate.

ABRUZZO, District Judge.

Sigurd Golten Machine Corporation (referred to herein as the employer) filed exceptions and exceptive allegations to a petition of an impleader filed by the claimant, S.S. Granville, impleading it as a party-respondent, and now moves to dismiss the amended libel and the petition of impleader.

The libellant instituted this suit in admiralty against the S.S. Granville and Weeks Stevedoring Company, Inc., to recover damages for personal injuries allegedly sustained on or about March 1, 1949, while employed by the employer as a rigger aboard the S.S. Granville then lying at Pier 37, Brooklyn. The libel alleges that the libellant's employer was performing certain repair work aboard the vessel pursuant to a contract with its owners, and that while Weeks Stevedoring Company, Inc., who had been engaged by the owners to remove certain objects from the vessel was shifting a sun deck on the vessel by means of a floating crane owned by it, the sun deck fell and struck the libellant causing him to be injured. Negligence is attributed to the dangerous, defective and unseaworthy condition of the sun deck and its appurtenances, and the negligence of the crew of the vessel, and also by reason of the dangerous, defective, and unseaworthy condition of the floating crane and its appurtenances, and the negligence of the crew of the crane.

In its petition impleading the employer, the claimant alleges that the injuries to the libellant are improperly alleged as the fault of the vessel, whereas actually they were the fault of the employer due to its failure to provide the libellant with a safe place in which to work, and due to the employer's failure to properly use the gear of the vessel or its own gear, or the gear owned by the Weeks Stevedoring Company, Inc., to use necessary care in inspecting and correcting dangerous conditions, to avoid the creation of dangerous conditions, to warn against or protect against such dangerous conditions, and to properly handle, through its agents, servants, or employees the gear that it was using and to eliminate, warn against or use preventive methods to protect the libellant.

The claimant also alleges in the amended libel that in the event that it should be adjudged to be liable then and in that event it would be entitled to indemnity from the employer. There is no indemnity contract in the instant case.

The employer's exceptive allegations to the petition of impleader show* that it secured the payment to its employees of compensation pursuant to the Longshoremen's and Harbor Workers' Compensation Act, § 5, 33 U.S.C.A. § 905, and the employer contends that its liability to the libellant is exclusive under the Act, and in place of all other liability and that by reason of the Act there was no common liability between it and the S.S. Granville to the libellant upon which any right of indemnity in favor of the claimant could accrue against it.

The questions presented on this motion are whether the Longshoremen's and Harbor Workers' Act is a valid defense to the petition of impleader and whether a right to indemnity exists between the claimant and the employer in the absence of an express contract of indemnity.

The answers are found in American Mut. Liability Ins. Co. v. Matthews, 2 Cir., 182 F.2d 322, at pages 323–324. The court said:

"The Act confers upon an injured employee within its coverage a right to compensation regardless of negligence or fault on the part of his employer. 33 U.S.C.A. § 904. And § 905 provides that 'The liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee * * * and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury * * *'—with an exception not here relevant. Thus the statute exempts the employer from any duty to pay damages for negligently injuring his employee and substitutes therefor an absolute duty to pay the prescribed compensation. For a right of contribution to exist between tort-feasors, they must be joint wrongdoers in the sense that their tort or torts have imposed a common liability upon them to the party injured. In the case at bar the shipowner and the stevedoring firm were not under a common liability to the injured employee, nor were they joint wrongdoers. His claim against his employer was not for damages, as was his claim against the shipowner, nor was it dependent upon any tort committed by his employer. Consequently the shipowner can have no right to contribution based on the theory that they were joint tort-feasors.

"By contract an employer may become bound to indemnify his promisee against liability resulting from improper performance of the work undertaken by the employer. Such a case is Westchester Lighting Co. v. Westchester Estates, 278 N.Y. 175, 15 N.E.2d 567, involving the New York Workmen's Compensation Act, Consol. Laws, c. 77, upon which the Longshoremen's and Harbor Workers' Act was modeled. * * * A similar decision under the Longshoremen's Act is Rich v. United States, 2 Cir., 177 F.2d 688. In both of those cases, the primary cause of injury to the employee was breach of a contractual duty owed to the promisee to do the work properly. In the case at bar no promise by the employer can be implied that he will not use equipment furnished him by the shipowner to be used for the very purpose to which it was put. Nor can a promise be implied that he will use care to detect any defect in the equipment which patently existed when the equipment was delivered for use by the employer. To imply such a promise would mean that the employer agreed to protect the shipowner against liability arising out of the shipowner's own negligence. In the absence of an express promise, such an implication would be utterly unreasonable. Hence we can find no contractual basis for indemnity or contribution. To impose a noncontractual duty of contribution to the employer is *pro tanto* to deprive him of the immunity which the statute grants him in exchange for his absolute, though limited, liability to secure compensation to his employees.

See Slattery v. Marra Bros., 2 Cir., 186 F.2d 134; and Lo Bue v. United States, 2 Cir., 188 F.2d 800.

In the case at bar, the employer did not owe the owner a duty to discover defects in the equipment which the shipowner furnished for its use in loading the ship. Its

duty to discover defects in such equipment or in its own equipment was owed only to its employees and that duty the Longshoremen's Act abolished, substituting therefor the absolute duty to pay compensation. American Mut. Liability Ins. Co. v. Matthews, supra.

As there is not pleaded a valid contract of indemnity which would be the only basis for this petition of impleader, the Longshoremen's and Harbor Workers' Act is a valid defense to that petition.

The motion must, therefore, be granted.