LUKASIEWICZ v. MOORE-McCORMACK LINES, Inc. (TOLLEFSEN BROS., third-party defendant).

Civ. No. 12388.

United States District Court
E. D. New York.
May 5, 1952.

Edwin R. Wolff, New York City (Henry J. Beilman, Brooklyn, N. Y., of counsel), for plaintiff.

Dow & Symmers, New York City (Edwin K. Reid, Francis J. O'Brien, New York City, of counsel), for defendant and third-party plaintiff.

Bernard Katzen, New York City, for third party defendant.

GALSTON, District Judge.

Tollefsen Brothers, the third-party defendant, makes this motion, based solely on the pleadings, to dismiss the third-party complaint, on the ground that it fails to state a claim upon which relief can be granted.

The plaintiff, Lukasiewicz (hereinafter referred to as the employee), instituted this civil action in the Supreme Court of the State of New York, County of Kings, against the Moore-McCormack Lines, Inc. (hereinafter referred to as the shipowner), to recover damages for injuries allegedly sustained by him on June 11, 1951, while working aboard the S.S. Uruguay, then lying at Pier 32, Hudson River, New York. On petition of the shipowner the action was removed to this court on the ground of "diversity".

The complaint alleges that the shipowner is a Delaware corporation doing business in the Borough of Brooklyn, and that it owned, operated and controlled the S.S. Uruguay. It also alleges that, on June 11, 1951, the plaintiff's employer, Tollefsen Brothers (hereinafter referred to as the employer), was engaged, pursuant to a contract with the shipowner, in making certain repairs and alterations in the engine room of the S.S. Uruguay, and that the plaintiff was lawfully aboard the ship for the purpose of doing the work of his employer. Paragraph 12 of the complaint states:

"Upon information and belief, that at all of the times hereinafter mentioned, defendant owned, maintained, operated and controlled certain wire cables used aboard the said steamship for the purpose of fastening a block and fall in the air chute of said steamship to an appliance consisting of a cross bar in the said air chute of the said steamship."

Paragraph 15 states:

"That on the said 11th day of June 1951, while the plaintiff was engaged

in the performance of his said work, pursuant to his said employment and in the discharge of his duties aboard the said steamship, the said wire cable, which had been furnished by the defendant to the plaintiff's employer, and which was being used in the performance of the said work, was caused and permitted to break, part and carry away, whereby certain material which was being raised through the said air chute dropped and the plaintiff was caused to be precipitated down the said air chute."

The shipowner, in its answer, denied liability and ownership, operation or control of the wire cable, and has set forth four affirmative defenses, alleging (1) contributory negligence, (2) that under the terms of the contract, the employer was obligated to furnish the labor and material necessary for the work involved, and that the employer had supervision, direction and control over the work being done and over that part of the ship where the work was being done, (3) assumption of risk by the plaintiff, and (4) that the injuries were caused by the negligence of the plaintiff's fellow workers.

The shipowner then filed a third-party complaint impleading the employer. The third-party complaint alleges that the contract between the shipowner and the employer was entered into subject to Section 240(1) of the Labor Law of the State of New York, McK.Consol.Laws, c. 31, and that pursuant to said contract, the employer was to provide all equipment necessary for the performance of the work as well as to supervise, direct and control the work of its employees. Paragraph Sixth of the third-party complaint alleges:

"At the time of plaintiff's alleged accident and injury the work which Tollefsen Brothers was engaged in pursuant to its contract with Moore-McCormack Lines, Inc. included the furnishing of labor and material of its own or otherwise for and in the removal and renewal of two (2) sidewalls in boilers Nos. 8 and 9 of the SS Uruguay * * *; the furnishing, erecting, constructing and placing * *

for the performance of such work, scaffolding, hoists, * * * and other devices, including the cable, its parts or other parts connected thereto or used therewith, which broke and gave way with plaintiff; the direction, supervision and control of the work of its employees, including that of plaintiff; the supervision, direction, maintenance, control and possession of the part of the vessel and place of work where the work was being performed and the gear, equipment and devices (being used) * * * all of which Tollefsen Brothers was under a duty to provide pursuant to its contract with Moore-McCormack Lines, Inc. and pursuant to Section 240(1) of the New York Labor Law; or else without authorization and without the defendant's knowledge and consent and in breach of its contract with defendant, Tollefsen Brothers took equipment of defendant which was not intended for use or authorized for use by Tollefsen Brothers and rigged the cable, gear, equipment and parts thereof which gave way with plaintiff * * *."

Paragraph Seventh alleges that if the injury to the plaintiff were due to the negligence of any person other than the plaintiff, it was not due to the negligence of the shipowner, but due to the negligence of the employer and to the employer's breaching its contract with the shipowner. It also alleges that if defendant-shipowner shall be held liable to the plaintiff-employee, there is a right of recovery-over against the third-party defendant employer "by reason of an implied indemnity arising out of breach of contract and violation by third-party defendant of Section 240(1) of the New York Labor Law".

The plaintiff's claim against the shipowner is based upon the theory that he, as the employee of an independent contractor doing work pursuant to a contract with the shipowner, was in the position of a "business guest" to whom the shipowner owed the duty to use reasonable care to provide a safe place to work and safe appliances and equipment. Puleo v. H. E. Moss Co., 2 Cir., 159 F.2d 842, certiorari denied 331

U.S. 847, 67 S.Ct. 1733, 91 L.Ed. 1857; Guerrini v. United States, 2 Cir., 167 F.2d 352, certiorari denied 335 U.S. 843, 69 S. Ct. 65, 93 L.Ed. 393.

The shipowner's duty to provide a reasonably safe place to work is non-delegable. This duty does not necessarily end because there is a concurrent duty on the part of an independent contractor performing work on the ship. Anderson v. Lorentzen, 2 Cir., 160 F.2d 173. However, it has been held that when the owner surrenders control of part of his ship to a contract repairman, his duty as to the part surrendered extends only up to the time the independent contractor assumes control. Lynch v. United States, 2 Cir., 163 F.2d 97; Grasso v. Lorentzen, 149 F.2d 127, certiorari denied 326 U.S. 743, 66 S.Ct. 57, 90 L.Ed. 444.

The allegations of the complaint, if proved, would enable the plaintiff to recover from the shipowner. On the other hand, the allegations of the third-party complaint that the supervision, direction and control of the work involved were in the employer, and that the equipment used in the performance of the work was furnished by the employer, if proved, might lead the trier of fact to conclude that the unsafe condition was created solely by the employer. The shipowner would not be liable for any accident resulting therefrom. Lynch v. United States, supra; Lauro v. United States, 2 Cir., 162 F.2d 32. If there is no liability on the shipowner, even secondarily, then the question of the right of recovery-over would not arise.

The pleadings do not, however, foreclose the presentation of evidence of some arrangement under which the ship's equipment and gear were made available to the employer generally, and of a duty to supervise the use of such equipment in the employer and negligent performance of such duty resulting in the injury alleged. Furthermore, the allegations of the third-party complaint raise the issue whether it was intended that the "cable, gear, equipment and parts thereof" which the plaintiff-employee alleges gave way and caused his injury, even though part of the ship's equipment, could be used in connection with the work in question. Certainly the question of control and supervision over the work and over that part of the ship where the work was being performed, is clearly in issue.

The shipowner asserts a right of indemnity from the employer against imputed liability resulting from improper performance of the work undertaken by the employer. Rich v. United States, 2 Cir., 177 F.2d 688, 690; Westchester Lighting Co. v. Westchester Estates, 278 N.Y. 175, 15 N.E.2d 567.

In the Rich case, supra, the libellant brought suit against the United States, alleging that he was injured "solely by reason of the carelessness of the respondents, their agents, servants and employees, in that they failed to furnish him with a reasonably safe place to perform his work; in that they used improper and unsafe equipment for his leaving the said vessel; * * * in that they improperly adjusted, tied, fastened and placed the jacobs (sic) ladder; * * *." The United States impleaded the libellant's employer, alleging that the employer "was negligent, among other things, in that its employees, without permission or authority and unknown to respondents, proceeded to and placed over the side of the (vessel) a Jacob's ladder from which the libellant fell. That if libellant's fall from said ladder was caused by said ladder slipping or because said ladder was insecurely or improperly tied then (the employer) is solely responsible and liable for this accident." In ruling that the United States could implead the employer, the Court of Appeals, 177 F.2d at page 691, stated:

"It is enough for present purposes that (1) the libel states a cause of action which, if proved, would entitle the libellant to a decree against the United States whether or not it was the libellant's employer which negligently placed over the side of the vessel the Jacob's ladder from which the libellant fell, and (2) that the petition to implead alleges that the employer was negligent in its use of the Jacob's ladder and was solely liable if his fall was caused by its being insecurely tied.

"If it should turn out that the libellant's injuries were primarily caused

by the negligence of his employer in fastening the ladder insecurely for his use, the United States would have a cause of action against the employer based upon the latter's independent duty to indemnify it for any loss sustained by the libellant's election to sue it for injuries."

 American Mutual Liability Ins. Co. v. Matthews, 2 Cir., 182 F.2d 322, is distinguishable, as the shipowner in the case at bar, in seeking indemnity, does not concede or admit active or primary fault. Since the shipowner here does not claim indemnity for its own active negligence, the fact that its claim is based on an implied rather than an express right of indemnity by contract does not make the third-party complaint bad. Cf. Mostyn v. Delaware, L. & W. R. Co., 2 Cir., 160 F.2d 15. Such cases as Mikkelsen v. S.S. Granville, D.C., 101 F.Supp. 566, affirmed 2 Cir., 191 F.2d 858, rehearing denied 192 F.2d 809, can be distinguished because the pleadings under attack here allege a contractual basis for indemnity.

The Federal Rules of Civil Procedure do not require that the pleading state "facts sufficient to constitute a cause of action," but only that there be "a short and plain statement of the claim showing that the pleader is entitled to relief". Rule 8(a), 28 U.S.C.A. Dioguardi v. Durning, 2 Cir., 139 F.2d 774, 775. It cannot be said that from an examination of the pleadings it appears to a certainty that the shipowner is entitled to no relief under any state of facts which could be proved in support of the claim made. To indulge in speculation as to the nature of the proof which will be, or ought to be presented in order to find liability here will require the court to assume facts not now before it. It is sufficient that the pleadings give fair notice to the opposing party of the claim asserted, and that they indicate the probable existence of a legal basis whereunder the shipowner may be found liable to the plaintiff and yet may claim recovery-over as against the employer.

The plaintiff, in supporting the employer's motion to dismiss, contends that permitting the third-party complaint to stand can only have the effect of delaying the trial of the plaintiff's action, and cause confusion at the trial by the injection of the fact that the plaintiff could receive compensation under the Longshoremen's and Harbor Workers' Compensation Act, § 5, 33 U.S.C.A. § 905. Aside from the contention made in the memorandum of the plaintiff that delay will result, there is nothing presented on this motion to show that he will be prejudiced in any way. The cases uniformly hold that the right to compensation under the Longshoremen's and Harbor Workers' Act, supra, does not preclude a proper third-party complaint impleading the employer of the plaintiff. See, e. g., Rich v. United States, supra.

The motion is denied. Settle order.