**RICH v. UNITED STATES et al.**

No. 70, Docket 22112.

United States Court of Appeals Second Circuit.

Argued Nov. 16, 1951.

Decided Dec. 6, 1951.

Samuel Spevack, Brooklyn, N. Y., Robert Klonsky, New York City, on the brief for Michael Rich, libellant-appellant.

Myles J. Lane, U. S. Atty., Bigham, Englar, Jones & Houston, and John L. Quinlan, all of New York City, for United States of America, respondent-appellee-appellant.

Thomas F. Keane and Leo F. Hanan, all of New York City, for Pyrate Tank Cleaners Inc.

Before AUGUSTUS N. HAND, CHASE and CLARK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The appellant, Michael Rich, sued the respondent, the United States of America, to recover damages for its alleged negligence in causing injuries to the appellant while he was descending from the deck of the S. S. William Crompton, a vessel owned by the United States. The United States impleaded the appellant's employer, Pyrate Tank Cleaners, Inc., as a party against whom the United States had a claim over should it be found liable in the suit brought against it by Rich. See Rich v. United States, 2 Cir., 177 F.2d 688. The district court found the United States free from negligence and dismissed the libel and the impleading petition.

At the time of the accident, Rich was an employee of Pyrate, a company which had

a contract with the United States to clean the tanks of the Crompton while she was en route from Providence, R. I., to Brooklyn, N. Y. For this purpose Pyrate had put a tank cleaning crew aboard the Crompton at Providence comprising a superintendent, George O. Johnson, a foreman, Albert Rieck, and three other men, Peter Smith, Vinnie Dembroskis and the libellant Rich, together with the necessary tank cleaning equipment. The tank cleaning crew completed its duties while the vessel was yet some distance from Brooklyn, and its superintendent, Johnson, left the Crompton by the pilot's boat when the pilot came aboard. As the vessel was approaching the dock, Rieck, then in charge of the tank cleaning crew, together with Smith, removed the Jacob's ladder, which was then on the port side having been used by the pilot at the time he boarded the ship, to the starboard side, securing it at a point forward of the midship housing. Their purpose in doing so seems to have been to allow Smith, whose wife was ill in a hospital, to leave the ship before it was moored and the gangway was put into place. Smith left the ship via the Jacob's ladder. There is a dispute as to the events which took place after Smith left the ship. The district court found that the mate, on orders from the Crompton's captain, had the ladder pulled aboard and that he warned the tank cleaners not to use the ladder. Thereafter, however, the ladder was again thrown over the starboard side of the vessel by Rieck and another of the tank cleaners. While this activity took place Rich had been below decks and when he appeared on deck Rieck instructed him to descend the ladder to the dock so that the job of removing the tank cleaning equipment could get under way. He thereupon started down the ladder and slipped and fell to the dock thereby sustaining rather severe injuries.

Rieck, who was the brother-in-law of Rich, gave testimony which conflicted sharply with the testimony of other witnesses and the findings of the district court. His version of the accident was that a member of the crew, who had been told to haul the ladder aboard completely had instead hauled it up but a few rungs and secured it so defectively that it slipped when Rich placed his weight on it, thus causing him to lose his hold and fall. However, Rieck's credibility as a witness was impeached by two affidavits signed by him shortly after the accident in which he stated that the ladder was properly secured and that the fall was caused by "slippery conditions." It was also weakened by the fact that he was closely related to Rich who was seeking recovery in this suit against the United States.

The findings of fact of the district court are not clearly erroneous and accordingly must stand. These findings, which absolve the United States of any fault or neglect in causing the appellant's injuries, also dispose of any liability based on the claim of Rich that he was a "seaman" to whom a warranty of seaworthiness was owed by the shipowner. The district court found that his fall from the ladder was caused by his having slipped, and not because of any defect in the ladder or the manner in which it was secured. Rich was not engaged in the duties of a seaman but was the employee of an independent contractor, Pyrate. As Pyrate's employee he was not performing a task usually or historically performed by members of a ship's crew as was the case in Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L. Ed. 1099, and no warranty of seaworthiness was owing to him. Guerrini v. United States, 2 Cir., 167 F.2d 352.

For the foregoing reasons the decree of the court below is affirmed.