## SANTIAGO v. UNITED STATES et al.

United States District Court
S. D. New York.
Feb. 19, 1952.

Nathan Baker, New York City (Milton Garber, Hoboken, N. J., of counsel), for libelant.

Myles J. Lane, U. S. Atty., New York City (Hanrahan & Brennan and William R. Brennan, Jr., all of New York City, of counsel), for the United States.

Hanrahan & Brennan, New York City (William R. Brennan, Jr., New York City, of counsel), for Wessel, Duval & Co., Inc.

WEINFELD, District Judge.

This is a suit by an employee of an independent contractor for personal injuries incurred while working on a ship. The libel alleges that the vessel was owned by the respondent, United States of America, and that the respondent Wessel, Duval & Co., Inc. had possession, operation, management and control as the bareboat charterer. Two causes of action are stated; the first is based on unseaworthiness and the second on negligence. Libelant has elected to proceed in rem as well as in personam, as permitted by the Suits in Admiralty Act, 46 U.S.C.A. § 743.

Respondents except to the sufficiency of the first cause of action, contending that libelant, described in the libel as "a marine painter in the employ of * * * an independent contractor performing work upon said vessel" may not rely upon the doctrine of seaworthiness.

In Seas Shipping Co. v. Sieracki, 328 U.S. 85, 96, 66 S.Ct. 872, 878, 90 L.Ed. 1099, the Supreme Court held that the

warranty of seaworthiness was owing to a longshoreman engaged in loading and unloading a vessel since his work was "the work of the ship's service, performed until recent times by members of the crew." The Court of Appeals has consistently refused to extend this doctrine to other employees of an independent contractor, holding that any such innovation should be made by the Supreme Court.[1] The exception is sustained and the first cause of action dismissed.

It is next contended that the libelant has no cause of action for negligence against the Government, since it did not employ the crew, nor did it operate or control the vessel.

If the charter was a demise of the entire vessel, vesting complete command, possession and control of the vessel in the charterer, Wessel, Duval & Company, Inc., then the latter became the owner "pro hac vice"[2] and the Government is not liable in personam for torts committed by Wessel, Duval & Company, Inc., although the ship itself remains liable and is subject to an action in rem. Schnell v. United States, 2 Cir., 166 F.2d 479, certiorari denied 334 U.S. 833, 68 S.Ct. 1346, 92 L.Ed. 1760; The Barnstable, 181 U.S. 464, 21 S.Ct. 684, 45 L.Ed. 954. If the term "bareboat charter," as set forth in the libel, is intended as synonymous with "demise charter,"[3] it would exclude in personam liability on the part of the Government, the owner of the vessel. But whether a charter is a demise or not is a matter for construction in every case.

"The question whether exclusive possession and management of the vessel have been transferred to the charterer turns on the facts of each case—a construction of the agreement between the parties, and the conduct of the parties under the agreement." Hust v. Moore-McCormack Lines, 328 U.S. 707, 734, 66 S.Ct. 1218, 1231, 90 L.Ed. 1534, concurring opinion of Mr. Justice Douglas. Overruled on other grounds, Cosmopolitan Shipping Co. v. McAllister, 337 U.S. 783, 69 S.Ct. 1317, 93 L.Ed. 1692.

The issue cannot be decided since the contract is not now before the Court. Moreover, paragraph Seventh of the libel alleges the vessel was operated by or for the account of both respondents, The United States of America and Wessel, Duval & Company, Inc. The issue, under the circumstances, must await disposition upon a trial and the exception is overruled.

The respondents finally contend that insofar as the action is in rem it should be dismissed since no maritime lien arises from the facts as alleged in the libel. The libel alleges that the injury occurred aboard the vessel while it was afloat in the navigable waters of the United States. This is a sufficient allegation of a maritime tort. A maritime lien is thereby created which is enforceable in an action in rem. Robinson on Admiralty, p. 361. It is further argued that since the "business guest" or "invitee" doctrine, which is applicable to libelant,[4] is derived from state law, no maritime tort exists. However, this suit is, nonetheless, governed by the maritime law, which has "taken by analogy from the common law" the "business guest" doctrine. Spaulding v. Parry Navigation Co., 2 Cir., 187 F.2d 257, 261, certiorari denied Parry Navigation Co. v. Todd Shipyard Corp., 72 S.Ct. 362. This exception is also overruled.

Settle order on notice.

1. Guerrini v. United States, 2 Cir., 167 F. 2d 352, certiorari denied 335 U.S. 843, 69 S.Ct. 65, 93 L.Ed. 393; O'Connell v. Naess, 2 Cir., 176 F.2d 138; Martini v. United States, 2 Cir., 192 F.2d 649; Rich v. United States, 2 Cir., 192 F.2d 858.

2. Leary v. United States, 14 Wall. 607, 20 L.Ed. 756; United States v. Shea, 152 U.S. 178, 14 S.Ct. 519, 38 L.Ed. 403; Reed v. United States, 11 Wall. 591, 20 L. Ed. 220.

3. Muscelli v. Frederick Starr Contracting Co., 296 N.Y. 330, 334, 73 N.E.2d 536; Cannella v. Lykes Bros. S. S. Co., 2 Cir., 174 F.2d 794, certiorari denied 338 U.S. 859, 70 S.Ct. 102, 94 L.Ed. 526; Robinson on Admiralty, p. 594.

4. Guerrini v. United States, supra.