Daniel TRAVIS, Plaintiff,

v.

POSEIDON LINES and James W. Elwell,
Defendants.

No. 61 C 790.

United States District Court
N. D. Illinois, E. D.

March 12, 1962.

———◆———

Morton & Yellin, Chicago, Ill., for plaintiff.

Bradley, Pipin, Vetter & Eaton, Chicago, Ill., for defendant.

WILL, District Judge.

The complaint in this action alleges injuries to the plaintiff, a longshoreman, while working in the hold of the vessel, INGRID WEIDE. Count I seeks recovery under the Jones Act and count II under the general maritime law for unseaworthiness. Defendants—the charterer of the vessel and its agent—have moved for summary judgment with supporting affidavits.

The basis of defendants' motion is that, as time charterer and time charterer's agent, they are not liable for injury to third persons aboard the chartered vessel, since, in law, the burden of that liability is the owner's. Plaintiff argues, however, that in this case the time charterer has become the owner of the vessel *pro hac vice* by virtue of the terms of the charter party, that in fact the charter party is one of demise, not of time.

■■ While the denomination of a charter party as a "Uniform Time-Charter" is not conclusive of its true charac-

ter, there is a presumption against construing such a contract as one of demise. Aird v. Weyerhaeuser S.S. Co., 3 Cir. 1948, 169 F.2d 606. Moreover, in order for the charterer to become the owner of a vessel *pro hac vice*, he must be vested with complete command, possession and control, and whether he is or not must be determined from a construction of the charter party. Santiago v. United States, D.C.S.D.N.Y.1952, 102 F.Supp. 425.

The charter party in the present case—which is before the Court—is entitled a "Uniform Time-Charter" and is the standard form used in contracts of affreightment between owners and time-charterers. In two cases in this Court, Austin Jennings v. Kolner Reedersi, et al., 57 C 1403 and Presley Archie, Jr. v. M/V Hermann Schulte, Poseidon Lines and James W. Elwell Co., 59 C 335, precisely the same form of time-charter contract was involved. In both cases the time-charterer's motion to be dismissed out was granted on the ground that the owner was the proper party defendant. These cases also involved longshoremen injured aboard ship during loading or unloading operations, and the provisions of the charter parties there as to possession, control, management, liability and the like were exactly the same as the provisions of the charter party in the present case.

■■ Reliable indicia in a charter party of who is considered in command, possession and control of a vessel are the provisions for (1) hiring and paying the master, officers and crew, (2) the time length of the charter, and (3) the use to which the charterer is putting the vessel. Gilmore and Black, "The Law of Admirality", pp. 215–218. Paragraph 3 of the charter party herein provides, "The Owners to provide and pay for all provisions and wages, for insurance of the Vessel, for all deck and engine-room stores and maintain her in a thoroughly efficient state in hull and machinery during service." It is also clear that the owners are to hire the master, officers and crew. The length of charter is not indefinite but "for a period of three or four round voyages", and its purpose is for the carriage of cargo and nothing more.

■ It is true, as plaintiff points out, that there are certain areas in which the master is subject to the orders of the charterer (paragraph 9) and certain limitations on the liability of the owner (paragraph 13). These reservations, however, do not alter the conclusion that the owner is the proper party defendant. The charter party is between the owner and the charterer and does not inure to the benefit of third persons, regardless of what indemnification provisions the owner may wish to make to protect himself. The test of ownership is complete command, possession and control if that ownership is to be attributed to the charterer. Clearly, this charter party does not vest such powers in defendants.

Accordingly, defendant's motion for summary judgment is granted. An order consistent with the above will be entered.