**RICH v. UNITED STATES et al.**

No. 21, Docket 21345.

United States Court of Appeals
Second Circuit.

Argued Oct. 13, 1949.

Decided Nov. 7, 1949.

John F. X. McGohey, U. S. Atty., New York City, John L. Quinlan, New York City, and Bigham, Englar, Jones & Houston, New York City, for appellant.

Harry Teichner, Brooklyn, N. Y., and S. Spevack, Brooklyn, N. Y., for respondent.

Before AUGUSTUS N. HAND, CHASE and FRANKS, Circuit Judges.

CHASE, Circuit Judge.

Rich, the appellee, was a tank cleaner employed by Pyrate Tank Cleaners, Inc. His employer was performing a contract it had made to clean the tanks of the S. S. William Crompton, a vessel owned and operated by the United States and moored at Pier 35, Brooklyn, N. Y., when on September 14, 1945 he was injured by falling from a Jacob's ladder while working on that job. Pyrate Tank Cleaners, Inc., was an employer liable to him pursuant to the provisions of the Longshoremen's and Harbor Workers' Compensation Act, as amended, 33 U.S.C.A. § 901 et seq., and it made payments to him as that statute required for about twenty-eight weeks. Then Rich elected to sue a third party as he might under § 33 of that statute, as amended, 33 U.S.C.A. § 933, and brought this suit against the United States [1] as permitted by the Public Vessels Act, 46 U.S.C.A. § 781 et seq. The United States filed its answer which denied all liability and later moved to amend it and to implead, under the 56th Rule in Admiralty, 28 U.S.C.A., Pyrate Tank Cleaners, Inc., which, it then alleged, was solely at fault for negligently causing any injuries the libellant might have sustained. The libellant opposed on the grounds that he did not charge his employer with any negligence and sought no recovery from it but solely from the United States; that the latter did not allege any joint liability with Pyrate and sought no contribution from it; and that the libellant who could of right choose to sue the United States would be wrongfully prejudiced by having his right to employee's compensation made the subject of inquiry therein. The district judge took the view that, while

---

1. He also joined as a respondent the Barber Asphalt Corp., which answered the libel, but why this was done does not clearly appear from this record and, as it is not represented on this appeal, its presence as a party to the suit will be disregarded.

the 56th Admiralty Rule [2] should be liberally construed, the petition to implead Pyrate should be denied because no joint liability with it or liability over was asserted by the United States and, because the libellant could not recover in the suit from Pyrate in view of the provisions of § 5 of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 905, Pyrate "would not necessarily have an adequate motive to defend."

Thereafter the United States amended its petition to implead to allege "Ninth: That upon information and belief Pyrate Tank Cleaners, Inc., was negligent, among other things, in that its employees, without permission or authority and unknown to respondents, proceeded to and placed over the side of the William Crompton a Jacob's ladder from which the libellant fell. That if libellant's fall from said ladder was caused by said ladder slipping or because said ladder was insecurely or improperly tied then Pyrate Tank Cleaners, Inc., is solely responsible and liable for this accident." "Tenth: That by reason of the foregoing, the petitioner has a right of liability over against Pyrate Tank Cleaners, Inc., and that therefore Pyrate Tank Cleaners, Inc., should be liable over to the United States for whatever amount, if any, may be awarded libellant against petitioner * * *" But the petition was again denied for the same reasons as before and this appeal followed.

The libellant had alleged and it was admitted by each answer to the libel that the owner of the vessel managed and controlled it. Libellant also alleged that he was injured "solely by reason of the carelessness of the respondents, their agents, servants and employees, in that they failed to furnish him with a reasonably safe place to perform his work; in that they used improper and unsafe equipment for his leaving the said vessel; in that they failed to properly examine and to take the usual and customary precautions for the use and maintenance of the equipment for him to leave the said vessel; in that they improperly adjusted, tied, fastened and placed the jacobs [sic] ladder; these negligent conditions existed for a long time prior to the happening of this accident, to the knowledge and notice of the respondents, their agents, servants and employees; * * *."

■ This makes it clear that a good cause of action was alleged against the United States, regardless of whether libellant's employer was primarily liable for his injuries, and it seems plain enough that the United States has sufficiently alleged in this petition a claim that Pyrate Tank Cleaners, Inc., "may be partly or wholly liable * * * to respondent by way of remedy over * * * growing out of the same matter * * *." And thus it has shown ground for relief under the express terms of the 56th Rule in Admiralty provided the Longshoremen's and Harbor Workers' Compensation Act, supra, does not require a different result.

Section 5 of that Act, 33 U.S.C.A. § 905, provides in part that the liability of an employer under the Act "shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, * * *." Thus, plainly Rich could not recover from his employer in a suit brought directly against it. The question here is whether the United States, asserting that Pyrate was solely at fault, is precluded from recovering from it by virtue of that section. Cases answering this question in the negative include The Tampico, D.C.W.D.N.Y., 45 F.Supp. 174; Green v. War Shipping Administration, D.C.E.D.N.Y., 66 F.Supp. 393; and Severn v. United States, D.C.S.D.N.Y., 69 F.Supp. 21. See, however, Calvino v. Pan-Atlantic S.S. Corp., D.C.S.D.N.Y., 29 F.Supp. 1022.

2. The pertinent part is that: "In any suit * * * the claimant or respondent (as the case may be) shall be entitled to bring in any other vessel or person (individual or corporation) who may be partly or wholly liable either to the libellant or to such claimant or respondent by way of remedy over, contribution or otherwise, growing out of the same matter. * * *"

In Porello v. United States, 2 Cir., 153 F.2d 605,[3] the opinion as handed down originally, supported the denial of the petition in this case at least to the extent that it said that, in the case of an employer and a third party who were joint tort-feasors, in view of § 5 supra, the latter had no right of contribution from the former. The opinion of the district judge here shows that he largely relied on that. As the opinion[4] on the petition for rehearing in that case shows, however, this point was, in the end, left open since it was considered not necessary then to decide it: a contract of indemnity between the employer and the third party was held a sufficient basis for permitting the latter to recover against the former.

Nor do we now find it necessary to decide whether the rule established in the Chattahoochee, 173 U.S. 540, 19 S.Ct. 491, 43 L. Ed. 801, pertaining to collision cases involving § 3 of the Harter Act, 46 U.S.C.A. §§ 190 et seq., and permitting contribution, should be followed here. It is enough for present purposes that (1) the libel states a cause of action which, if proved, would entitle the libellant to a decree against the United States whether or not it was the libellant's employer which negligently placed over the side of the vessel the Jacob's ladder from which libellant fell, and (2) that the petition to implead alleges that the employer was negligent in its use of the Jacob's ladder and was solely liable if his fall was caused by its being insecurely tied.

■ If it should turn out that the libellant's injuries were primarily caused by the negligence of his employer in fastening the ladder insecurely for his use, the United States would have a cause of action against the employer based upon the latter's independent duty to indemnify it for any loss sustained by the libellant's election to sue it for injuries. It was so held in Westchester Lighting Co. v. Westchester County Small Estates Corp., 278 N.Y. 175, 15 N.E. 2d 567, where it was decided that the New York Workmen's Compensation Act containing almost precisely the same language[5] as that now relied upon in the Longshoremen's and Harbor Workers' Act did not bar a suit for indemnity. It was there said that the third party does not sue the employer for damages "on account of" the injury to or death of the employee but for breach of an independent duty owing to the third party by the employer. 15 N.E.2d 567, 568. Perhaps it is presently of little significance, but we have already followed this New York decision in a suit under the New York Act where there was federal jurisdiction because of diversity and where also the tort proved was not joint. Burris v. American Chicle Co., 2 Cir., 120 F.2d 218, 222. At least it shows that the rule of indemnity is not exclusively one in admiralty or that of a collision situation.

Since the United States, if held liable in this suit, could sue the libellant's employer for indemnity despite the provisions of the Longshoremen's and Harbor Workers' Compensation Act, we can perceive no sound reason why it should not be allowed to accomplish the same result by way of impleading the employer in this action.

Reversed and remanded.

3. Affirmed in part, reversed in part, sub nom. American Stevedores, Inc., v. Porello, 330 U.S. 446, 67 S.Ct. 847, 91 L. Ed. 1011.
4. 153 F.2d 609.
5. "The liability of an employer prescribed by the last preceding section shall be exclusive and in place of any other liability whatsoever, to such employee, his personal representatives, husband, parents, dependents or next of kin, or anyone otherwise entitled to recover damages, at common law or otherwise on account of such injury or death, * * *." N.Y.Consol.Laws, ch. 67, § 11.