**LYONS v. AMERICAN–HAWAIIAN S. S. CO.**
**(CHERIM et al., Third-Party Respondents.)**
No. 389 of 1948.

United States District Court
E. D. Pennsylvania.
March 29, 1950.

Freedman, Landy & Lorry, Philadelphia, Pa., for libellant.

Krusen, Evans & Shaw, Philadelphia, Pa., for respondent.

Louis Wagner, Philadelphia, Pa., for third-party respondent.

McGRANERY, District Judge.

This case arises as a libel by Thomas J. Lyons against the American-Hawaiian Steamship Company to recover money damages for personal injuries. The respondent, which operated and controlled the S. S. "Adrian Victory", had engaged the Philadelphia Ship Engineering Company (a partnership composed of Herman Cherim and Joseph P. Martin) to perform certain work aboard the vessel. The libellant, an employee of the Engineering Company, while aboard the vessel to perform that work, sustained the injuries here complained of. The respondent ship-operator has impleaded the employers under the 56th rule in Admiralty, 28 U.S.C.A., and the third party respondents have filed an answer and a motion to dismiss the petition to implead.

In support of the motion, the impleaded respondents press two main contentions: (1) that the petition to implead does not allege they were negligent in any duty owed to the respondent; and (2) that the respondent is barred by laches from effectuating the impleader.

With respect to the first issue, the impleaded respondents concede that the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., does not render them immune from liability. Rich v. United States, 2 Cir., 177 F.2d 688. However, they maintain that the petition to implead merely avers that they were negligent in the duties owing by them, as employers, to the libellant. The averments are indeed susceptible to such a literal interpretation. But when read in the light of the employers' duty to the respondent ship-operator to perform the work in a reasonably safe manner, the same act which is a breach of duty to the employee may also be a breach of duty to the respondent. Consequently, the averments in the petition to implead sufficiently allege a breach of duty owing by the impleaded respondents to the original respondent.

With respect to the issue of laches, it is undoubtedly true that the petition of impleader was tardy. Normally the result would merely be a continuance. But none of the parties seriously urges a continuance, for the circumstances of this case are such that a continuance would unduly prejudice the libellant. Therefore, the impleaded respondents may be held answerable at this trial only if they will not be prejudiced thereby. The libel was filed on November

10, 1948, and the third party respondents had no notice of the impleader until on or about January 31, 1950. However, the third party respondents were familiar with all the facts of the accident immediately after it occurred, and have had, at this date, almost two months notice of the impleader. Consequently, nothing herein can come as a surprise to them, and indeed, they have had a reasonable amount of time, under the circumstances, to prepare their case. I conclude that the third party respondents have not been prejudiced, and that the petition to implead is not barred by laches.

Accordingly, an order will be entered denying the motion to dismiss the petition of impleader.