## STATES S. S. CO. v. ROTHSCHILD INTERNATIONAL STEVEDORING CO.

No. 13382.

United States Court of Appeals Ninth Circuit.

June 15, 1953.

Bogle, Bogle & Gates, Edward S. Franklin, Seattle, Wash., for appellant.

Little, LeSourd, Palmer & Scott, Robert L. Palmer, Seattle, Wash., for appellee.

Before DENMAN, Chief Judge, HEALY, Circuit Judge, and JAMES M. CARTER, District Judge.

DENMAN, Chief Judge.

This is an appeal from a decree in admiralty of the United States District Court for the Western District of Washington, Northern Division. The question presented is whether a shipowner, who has space chartered its ship to a third party, may be indemnified for liabilities arising by reason of the active negligence of a stevedoring company hired by the third party, causing the vessel to be unseaworthy.

The shipowner brought this action in admiralty in the court below, alleging that it was the owner of the merchant vessel Arizona; that the vessel had been space chartered to the United States Army; that the Army had reserved the right to select the civilian stevedores who would be employed in loading and unloading the vessel; that the Army had chosen Rothschild International Stevedoring Company (hereafter stevedore company) to stevedore the Arizona at the time in question; that Weibling, an employee of the stevedore company, had been injured by the handle of a winch and had subsequently died; that the shipowner had been sued by Weibling's widow and had settled the claim by the payment to her of the sum of $22,000.00 because of its nondelegable duty to provide a safe place on the ship for longshoremen to work; and that the stevedore company's active negligence had been the proximate cause of Weibling's injuries. The prayer was for recovery by way of full indemnity of the amount paid to Weibling's widow plus costs and attorney's fees. The court below dismissed the action upon the authority of Halcyon Lines v. Haenn Ship Corp., 342 U.S. 282, 283, 72 S.Ct. 277, 96 L.Ed. 318.

The Halcyon case held that there was no contribution between joint tortfeasors in non-collision admiralty cases. Appellant contends that it is not seeking contribution

but rather full indemnity, over, and that the Halcyon case has no application to indemnity cases. This contention appears correct. It is true, as pointed out by appellee, that the Supreme Court in granting certiorari referred to United States v. Rothschild International Stevedoring Company, 9 Cir., 183 F.2d 181, an indemnity case, as being in conflict with American Mutual Insurance Co. v. Matthews, 2 Cir., 182 F.2d 322, a contribution case. 342 U.S. 282, 284, fn. 3, 72 S.Ct. 277, 96 L.Ed. 318. However, the opinion of the Supreme Court speaks only of contribution as between joint tortfeasors. Here we do not have joint tortfeasors, but rather one party who is alleged to be solely at fault and another party who is alleged to be liable without fault as a result of the other's acts. In American Insurance Co. v. Matthews, 2 Cir., 182 F.2d 322, at page 324, the shipowner joined in the wrongdoing in supplying a defective appliance to the employing stevedore. Its holding is that an owner so acting cannot recover. The Court's reasoning clearly warrants the inference that if the shipowner had been free of wrongdoing, the quasi contractual obligation not to cause liability in the shipowner would exist.

Furthermore, the Halcyon and the instant case are distinguishable upon their facts. Halcyon was an attempt by a shipowner to bring a ship repair company in as a third party defendant in an action by an employee of the latter against the former on the ground that the ship repair company's negligence had contributed to the injuries of its employee. Here, the libelant (appellant) alleged that it was not at fault, that it was liable only because of its non-delegable duty to furnish a stevedore a seaworthy ship and a safe place in which to work under the doctrine of Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099, a species of absolute liability regardless of fault.

■ Where there is an express contract to indemnify between the owner and a stevedoring company, American Stevedores v. Porello, 330 U.S. 446, 67 S.Ct. 847, 91 L.Ed. 1011, United States v. Arrow Stevedoring Co., 9 Cir., 175 F.2d 329, certiorari denied 338 U.S. 904, 70 S.Ct. 307, 94 L.Ed. 557, or where the stevedoring company is hired by the owner of the ship, Read v. United States, 3 Cir., 201 F.2d 758; United States v. Rothschild International Stevedoring Co., 9 Cir., 183 F.2d 181; Rich v. United States, 2 Cir., 177 F.2d 688; Seaboard Stevedoring Corp. v. Sagadahoc S. S. Co., 9 Cir., 32 F.2d 886; Lukasiewicz v. Moore-McCormack Lines, D.C.E.D.N.Y., 104 F.Supp. 572, the owner has been allowed to indemnify itself against the stevedoring company. No case has been found where, as here, the stevedoring company was hired by a non-demise charterer.

■■ The absolute duty of a shipowner to provide a safe place for longshoremen to work may be likened to the absolute duty of a landowner to keep his premises in such condition that passers-by are not injured. When this duty is violated, the owner is liable to anyone injured whether he is at fault or not. See Prosser on Torts, pp. 602–605, and cases cited. Where the breach of this duty is caused by the acts of some third person, in which acts the owner is not a party, the owner may demand indemnity from the wrongdoer. Gray v. Boston Gas Light Co., 114 Mass. 149, 154. Similar, too, is the duty of a municipal corporation to maintain its streets in a safe condition. Where the city grants to some third person the right to excavate the streets and that person negligently causes an unsafe condition to exist, the city is primarily liable for its failure to carefully inspect its streets, but may recover over from the third person if it was not itself actively negligent in creating the unsafe condition. Washington Gas Light Company v. District of Columbia, 161 U.S. 316, 16 S.Ct. 564, 40 L.Ed. 712; Lowell v. Boston & Lowell R. Co., 23 Pick. (Mass.) 24; Astoria v. Astoria & Columbia R. Co., 67 Or. 538, 136 P. 645, 49 L.R.A.,N.S., 404.

■ Here, the shipowner and operator gave permission to a stevedore company to be named by the charterer of the vessel's cargo space to go on the owner's premises to earn his charterer's profits. A person

so permitted to occupy the owner's ship's premises owes to the owner the duty to refrain from negligent acts which foreseeably would impose a liability on the owner and has an obligation to the owner not in pari delicto in such negligence to indemnify him for the amount he is required to pay because of such acts. See Gray v. Boston Gas Light Co., 114 Mass. 149, 154, where the court said:

> "When two parties, acting together, commit an illegal or wrongful act, the party who is held responsible in damages for the act cannot have indemnity or contribution from the other, because both are equally culpable, or *participes criminis,* and the damage results from their joint offence. This rule does not apply when one does the act or creates the nuisance, and the other does not join therein, but is thereby exposed to liability and suffers damage. He may recover from the party whose wrongful act has thus exposed him. In such case the parties are not *in pari delicto* as to each other, though as to third persons either may be liable."

Under the rule of Palsgraf v. Long Island R. Co., 248 N.Y. 339, 162 N.E. 99, 59 A.L.R. 1253, one can be liable to another who was injured by the former's negligent actions only if the former owes a duty to the latter. See also Meyers v. Pittsburgh S. S. Co., 6 Cir., 165 F.2d 642, 644. One is under such a duty if it is foreseeable that the particular other person will be injured if due care is not taken. Here it was clearly foreseeable that if the stevedore company made the ship unseaworthy, causing injury to a stevedore employee, the owner would be liable to the employee for the full amount of his injury under the case of Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099. The particular injury to the particular plaintiff was foreseeable as a result of the stevedore company's negligent actions. Hence the owner is entitled to be indemnified for this amount by the stevedore company. See Rest. Torts, § 281, comment c.

The fact that the permission to the stevedore company comes from the owner through the charterer does not relieve the stevedore company from liability. The Restatement of Restitution § 76 states the general rule thusly: "A person who, in whole or in part, has discharged a duty which is owed by him which as between himself and another should have been discharged by the other, is entitled to indemnity from the other, unless the payor is barred by the wrongful nature of his conduct." See also, McFall v. Compagnie Maritime Belge (Lloyd Royal) S. A., 304 N.Y. 314, 107 N.E.2d 463, 471, where it was said: "The actively negligent tortfeasor is considered the primary or principal wrongdoer and is held responsible for his negligent act not only to the person directly injured thereby, but also to any other person indirectly harmed by being cast in damages by operation of law for the wrongful act." And in Oceanic S. N. Co. v. Compania Transatlantica Espanola, 134 N.Y. 461, 31 N.E. 987, 989, the court said: "* * *, one who has been held legally liable for the personal neglect of another is entitled to indemnity from the latter, no matter whether contractual relations existed between them or not". Thus, it is the fact that the owner has been compelled to pay damages that the stevedore company, as the party primarily at fault, ought in justice to pay that determines the liability of the latter to the former. Union Stock Yards Co. v. Chicago B. & Q. R. R. Co., 196 U.S. 217, 225, 25 S.Ct. 226, 49 L.Ed. 453; see also 42 C.J.S., Indemnity, § 20, p. 596.

Nor does the fact that the stevedore company is liable to its employees for injury to them regardless of its negligence and even without negligence affect the *company's obligation to indemnify the ship* owner. The liability of the stevedore company is imposed by statute, the Longshoremen and Harbor Workers' Act, 33 U.S.C.A. §§ 901–950. While § 5 of that Act, 33 U.S.C.A. § 905, provides that the liability of the employer thereunder shall be exclusive, it has been held many times that this does not prevent recovery over by a shipowner com-

pelled to pay damages to one injured because of the stevedore company's negligence. See American Stevedores v. Porello, 330 U.S. 446, 454–455, 67 S.Ct. 847, 91 L.Ed. 1011; Rich v. United States, 2 Cir., 177 F.2d 688, 691; United States v. Arrow Stevedoring Co., 9 Cir., 175 F.2d 329, certiorari denied 338 U.S. 904, 70 S.Ct. 307, 94 L.Ed. 557.

The decree is reversed and the case remanded to the district court for the consideration of the issues presented by the libel including, if the stevedore be held liable, the issue of the reasonableness of the settlement with Weibling's widow.

HEALY, Circuit Judge (concurring specially).

This case went off on a motion to dismiss the shipowner's libel in personam. I agree that the cause should have been tried and the facts developed in order that a complete picture of the situation be obtained, and accordingly that the judgment of dismissal should be vacated and the matter remanded for trial.

There is strong intimation in the libel that the death of the longshoreman employed by the stevedoring company may have been proximately due to a bent and defective winch handle which was part of the loading gear provided by the shipowner. Thus the suit may ultimately prove to be within the rule of Halcyon Lines v. Haenn Ship Corp., 342 U.S. 282, 283, 72 S.Ct. 277, 96 L.Ed. 318.

There is one further matter on which I reserve judgment. If there had been a contractual relationship between the shipowner and the stevedoring company, the Longshoremen's and Harbor Worker's Act would not preclude indemnity over. But to my mind there is a serious question whether the lack of such contractual relationship would not preclude indemnity, since the sole duty of the stevedoring company, arising under § 5 of the Longshoremen's Act, was not the duty discharged by the shipowner. Compare this court's discussion in Maryland Casualty Co. v. Paton, 9 Cir., 194 F.2d 765.