### SHANNON
### v.
### UNITED STATES et al.

United States District Court,
S. D. New York.
Dec. 4, 1953.

J. Edward Lumbard, U. S. Atty., New York City (Kirlin, Campbell & Keating, New York City, James B. Magnor, New York City, of counsel), for respondent.

John P. Smith, New York City (Albert S. Commette, New York City, of counsel), for respondent-impleaded.

RYAN, District Judge.

This suit in the Admiralty was filed by John L. Shannon, a stevedore, to recover damages for injuries sustained on February 13, 1943, while employed aboard the S.S. Lyman Stewart, owned by the United States. Under the 56th Admiralty rule, respondent impleaded Smith & Sons, Inc., libelant's employer, upon a claim of indemnity.

After suit, and on June 25, 1948, the United States paid libelant $11,000 in settlement of the claims asserted against it; it now seeks to recover from Smith and Sons, Inc., this amount, and an additional $1,189.14 as attorneys' fees and disbursements necessarily incurred in its defense of libelant's claim.

The S.S. Lyman Stewart was operated by the War Shipping Administration as agent; the vessel was moored in navigable waters at the Bayonne Navy Yard. Smith and Sons was hired by the United States as stevedore to work aboard the vessel.

When the stevedore's men came aboard on February 9, 1943 they spotted the booms. At that time libelant was not aboard. By contract with Smith and Sons the necessary cables were to be supplied by the United States. The cables so supplied were lying loose upon the deck of the vessel; they were rusted and kinky. The stevedore neither notified the United States of their condition nor refused to use them. Some of the kinks in the portion used to spot the the booms were pulled out by hand when put around the spool in the course of the spotting operation. Later and on February 13, 1943 it was found necessary to respot one of the booms. Libelant was one of the gang of longshoremen who respotted the boom. While he was engaged in removing the bull wire from the winch, it sprang up and struck the glasses he was wearing driving a sliver of glass into his eye and resulting in the loss of the eye. This injury was occasioned by the use of the kinked cable.

The United States claims indemnity urging that it was only passively negligent and that the ultimate loss should rest on Smith and Sons whose active wrong proximately caused libelant's injury. Rich v. United States, 2 Cir., 177 F.2d 688.

To sustain this claim it must show that the indemnitee was passively or secondarily negligent, and that active fault lies solely in the indemnitor. Valerio v. American President Lines, D.C., 112 F.Supp. 202; United States v. Rothschild International Stevedoring Co., 9 Cir., 183 F.2d 181, relied upon as authority to support the claim of the United States to indemnity was expressly rejected by this Circuit in Slattery v.

Marra Bros., 2 Cir., 186 F.2d 134, upon the authority of American Mutual Liability Insurance Co. v. Matthews, 2 Cir., 182 F.2d 322. In that case the unseaworthy condition was attributable to a defective rope which was supplied by the stevedore. I fail to see any distinction between a faulty rope and a faulty cable. Here, by contract the United States bound itself to supply the cable in good condition; to imply a duty on the part of the stevedore toward the United States to inspect the equipment before using it for the very purpose for which it was supplied or to detect patent defects would be to imply a promise on the part of the stevedore to protect the shipowner from its own negligence. Such a promise will not be implied. Conceding that the stevedore was negligent in failing to report the condition of the cable this was not such supervening negligence as would serve to wipe out the shipowner's active negligence. As between active tortfeasors there is no right of indemnity attributable to the failure to provide a seaworthy vessel. Valerio v. American President Lines, supra.

The claim over is dismissed with costs.