THOMAS
v.
**MALCO REFINERIES, Inc.**
No. 4849.

United States Court of Appeals
Tenth Circuit.
Aug. 3, 1954.

William R. Federici, Santa Fe, N. M. (Seth & Montgomery, Santa Fe, N. M., were with him on the brief), for appellant.

William W. Gilbert, Santa Fe, N. M. (Carl H. Gilbert and L. C. White, Santa Fe, N. M., were with him on the brief), for appellee.

Before PHILLIPS, Chief Judge, and HUXMAN and PICKETT, Circuit Judges.

PHILLIPS, Chief Judge.

The plaintiffs below, who are not involved in this appeal, recovered judgment against Thomas and Malco Refineries, Inc.,[1] for damages suffered as the result of a highway collision between an automobile in which the plaintiffs were riding and a tractor-trailer leased to Malco and being driven by Thomas, Malco's employee.

The trial court awarded judgment for indemnity to Malco on its cross-complaint against Thomas, but provided therein that execution upon the judgment in favor of Malco should issue only on the payment by Malco of all or part of the judgment in favor of the plaintiffs, and then only for the amount so paid by Malco. From that judgment, Thomas has appealed.

The evidence clearly established that Malco itself was not guilty of any negligence and was liable to plaintiffs below only by reason of the doctrine of respondeat superior.

The primary question presented is whether or not the right to indemnity at common law in New Mexico was abrogated by the enactment of the Uniform Contribution Among Tortfeasors Act, Ch. 121, p. 208, N.M.S.L. 1947, 1941 N. M.Stat.Ann. §§ 21–118 to 21–125, 1951 Supp. to Vol. 2.[2]

Sec. 5, Ch. 61, N.M.S.L. 1882, 1941 N.M.Stat.Ann. § 21–110, which was superseded by the Uniform Act, provided:

"Liability of defendants for judgment in tort action—Contribution.—Defendants in a judgment founded on an action for the redress of a private wrong shall be subject to contribution, and all other consequences of such judgment in the same manner and to the same extent as defendants in a judgment in an action founded on a contract."

Section 1 of the Uniform Act defines "joint tortfeasors" as "two or more persons jointly or severally liable in tort for the same injury to person or property * * *."

Section 2 of the Uniform Act provides that contribution shall exist among joint tortfeasors. Section 3 thereof provides that the recovery of a judgment by the injured person against one joint tortfeasor shall not discharge the other joint tortfeasor. Section 4 thereof provides that a release by the injured person of one joint tortfeasor shall not discharge the other tortfeasors, unless the release so provides.

Section 6 of the Uniform Act expressly provides that "This act does not impair any right of indemnity under existing law."

There are important and substantial distinctions between the right to contribution and the right to indemnity. Indemnity springs from a contract, express or implied, and enforces a duty on the primary or principal wrongdoer to respond for all the damages. On the other hand, contribution does not arise out of contract, but is an obligation imposed by law, and rests on the principle that, when the parties stand in aequali jure, the law requires equality, which is equity, and that all should contribute equally to the discharge of the common liability.[3]

---

1. Hereinafter referred to as Malco.

2. Hereinafter referred to as the Uniform Act.

3. George's Radio v. Capital Transit Co., 75 U.S.App.D.C. 187, 126 F.2d 219, 222; American District Telegraph Co. v. Kittleson, 8 Cir., 179 F.2d 946, 951; 18 C.J.S., Contribution, § 1, pages 2, 3.

In cases where the wrongful act or omission of a person causes injuries to another, and a second person, guilty only of imputed or constructive wrong, because of his legal relationship to the primary wrongdoer or his positive legal duty to the person injured, is also liable to the latter for the damages suffered, and such second person has discharged such liability, he is entitled to indemnity from the primary wrongdoer for the entire amount paid to discharge such liability.[4] The principle applies where an employer under the doctrine of respondeat superior is compelled to pay damages to a third person solely because of the negligence or other wrongful act of his employee.[5]

The right to indemnity in such cases was recognized by the Supreme Court of New Mexico in Krametbauer v. McDonald, 44 N.M. 473, 104 P.2d 900, 905, and Collier v. Union Indemnity Co., 38 N.M. 271, 31 P.2d 697, 699. Moreover, § 6 of the Uniform Act expressly preserved the right to indemnity.

The contention of Thomas is predicated primarily on the fact that the Uniform Act provides for contribution between joint tortfeasors and defines joint tortfeasors as "two or more persons jointly or severally liable in tort for the same injury to person or property * * *." It is unreasonable to assume that the New Mexico legislature intended to grant the right of contribution to wrongdoers in pari delicto and take away from persons guilty only of imputed or constructive wrong the right

to indemnity from the primary wrongdoer. Moreover, we think the intent of the legislature to preserve the right of indemnity is clearly manifested by the saving provision in § 6 of the Uniform Act. Accordingly, we conclude that the Uniform Act did not abrogate such right of indemnity.

Rule 13(g) of the Federal Rules of Civil Procedure, 28 U.S.C.A., in part provides:

"A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter * * * of the original action. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant."

Rule 14 of the Federal Rules of Civil Procedure provides that a defendant may bring in a third party who "is or may be liable to him for all or part of the plaintiff's claim against him." These rules were designed to avoid circuity of action and to permit a disposition in the main action of the defendant's claim for indemnity against a third party.[6]

The rights of Thomas were fully protected by the provisions of the judgment staying execution and limiting the amount for which execution could issue in favor of Malco.

The judgment is affirmed.

4. United States v. Acord, 10 Cir., 209 F.2d 709, 715, certiorari denied 347 U.S. 975, 74 S.Ct. 786.

5. United States v. Acord, 10 Cir., 209 F.2d 709, 716, certiorari denied 347 U.S. 975, 74 S.Ct. 786.

6. Blair v. Cleveland Twist Drill Co., 7 Cir., 197 F.2d 842, 845; Glens Falls Indemnity Co. v. Atlantic Bldg. Corp., 4 Cir., 199 F.2d 60, 63; Jeub v. B/G Foods, Inc., D.C.Minn., 2 F.R.D. 238, 241; Burris v. American Chicle Co., 2 Cir., 120 F.2d 218.