AMERICAN PRESIDENT LINES, Ltd.,
a corporation, Plaintiff,

v.

MARINE TERMINALS CORP., a corporation, Defendant.

No. 34067.

United States District Court,
N. D. California, S. D.

Dec. 8, 1954.

Lillick, Geary, Olson, Adams & Charles, San Francisco, Cal., for plaintiff.

Boyd, Taylor & Reynolds, San Francisco, Cal., for defendant.

OLIVER J. CARTER, District Judge.

Defendant stevedoring company moves to dismiss a complaint for indemnity brought against it by plaintiff shipowner. Plaintiff was sued in a state court by an employee of defendant who was injured in the course of his employment while unloading one of plaintiff's ships. The complaint in the state court consisted of allegations of negligence and of unseaworthiness of the vessel. The parties to the suit in the state court arrived at a settlement, and now plaintiff seeks recovery of the amount it paid in settlement of the injured person's claim plus plaintiff's expenses in connection with the state proceeding. Plaintiff seeks indemnity on the theory that the sole, active and primary cause of the injury was defendant's negligence in proceeding with the unloading with knowledge of a dangerous condition, without notifying plaintiff or its agents.

Defendant's motion to dismiss is based upon the contention that the action in the state court was for active negligence, and that plaintiff here is bound by the allegations of active negligence in the state proceeding because it voluntarily settled that action. Defendant cites Fidelity & Casualty Co. v. Federal Express, 6 Cir., 136 F.2d 35; but that case is not in point because it was a suit between parties who were co-defendants in a previous suit. That case held that a judgment debtor who pays the judgment against him is bound by the record in the case, at least as to other parties to the suit culminating in that judg-

ment. Plaintiff here was not a judgment debtor in the previous suit, and defendant was not a party to it.

There is in this circuit a nearly exact precedent for the present suit for indemnity: States S. S. Co. v. Rothschild International Stevedoring Co., 9 Cir., 205 F.2d 253, in which the court reversed the dismissal of a complaint for indemnity brought by a shipowner against a stevedoring company, to recover the amount of a settlement with the widow of the injured man. Therefore it cannot be said that plaintiff shipowner is precluded as a matter of law from showing that defendant's negligence was the sole, active and primary cause of the injury. See also Davis v. American President Lines, D.C.N.D.Cal., 106 F.Supp. 729. Thus defendant's principal contention is without merit and its motion to dismiss is denied.

Defendant also claims that it was prejudiced in some way by the fact that it was not given notice of the suit in the state court, and had no part in the settlement of that suit; but defendant will now have its day in court in this suit. Nothing was decided as to this defendant by the settlement of the previous suit. Even the amount of the settlement can be assailed if the defendant wishes to do so. Therefore no prejudice to defendant has been shown to have resulted from the settlement between plaintiff and the injured man.

Defendant seeks support for its position in decisions in the second circuit. Apart from the fact that recent decisions in the second circuit recognize a right to indemnity in a case similar to the one at bar, Berti v. Compagnie De Navigation Cyprien Fabre, 2 Cir., 213 F.2d 397, this Court is bound by the law of the ninth circuit as set forth in States S. S. Co. v. Rothschild International Stevedoring Co., supra. The States case also disposes of defendant's contention that the case at bar is controlled by Halcyon Lines v. Haenn Ship Corp., 342 U.S. 282, 72 S.Ct. 277, 96 L.Ed. 318, because the Court of Appeals there held, 205 F.2d at page 255,

that " * * * the Halcyon case has no application to indemnity cases."

It Is Ordered that the motion of defendant Marine Terminals Corporation to dismiss the complaint be, and the same is hereby denied, and defendant is directed to answer the complaint.