**SIMPSON TIMBER CO. and Grace Line, Inc., Appellants,**

v.

**Ezra PARKS, Appellee.**

**SIMPSON TIMBER CO., Appellant,**

v.

**GRACE LINE, INC., et al., Appellees.**

No. 19673.

United States Court of Appeals
Ninth Circuit.

Feb. 20, 1968.

Kenneth E. Roberts (argued), of Mautz, Souther, Spaulding, Kinsey & Williamson, Portland, Or., for appellant, Simpson Timber Co.

John R. Brooke (argued), of Wood, Wood, Tatum, Mosser & Brooke, Portland, Or., for Grace Line, Inc.

Philip A. Levin (argued), of Pozzi, Levin & Wilson, Portland, Or., for Parks.

Nathan J. Heath (argued), of Gray, Fredrickson & Heath, Portland, Or., for Brady Hamilton Stevedore Co.

Before CHAMBERS, BARNES, HAMLEY, JERTBERG, MERRILL, KOELSCH, BROWNING, DUNIWAY, and ELY, Circuit Judges.

BROWNING, Circuit Judge:

This case is before us for the second time. Reference is made to our first opinion, reported at 369 F.2d 324, for a detailed statement of the facts. The following summary will suffice for present purposes.

A longshoreman was injured when he stepped through the packaging on a bundle of doors while loading cargo in the hold of a vessel. He sued the manufacturer of the doors alleging that the doors were negligently packaged, and the shipowner alleging that the vessel was unseaworthy. The shipowner interpleaded the stevedoring company. The defendants filed various indemnity claims. The main action was tried to a jury, the indemnity claims to the judge. The jury returned a verdict against the manufacturer and the shipowner. The judge's rulings on indemnity are noted later.

We reversed solely on the ground that error occurred in instructing the jury regarding the legal standard governing the manufacturer's liability for negligence. The Supreme Court vacated our judgment and remanded the case to this court "in order that it may pass upon the issues in the case not covered by its prior opinion." Parks v. Simpson Timber Co., et al., 388 U.S. 459, 87 S.Ct. 2115, 18 L.Ed.2d 1319 (1967), amending per curiam opinion reported at 389 U.S. 909, 88 S.Ct. 210, 19 L.Ed.2d 227 (1967).

Two of the issues not covered by our prior opinion relate to the main cause: (1) whether a mistrial should have been granted because of a statement made by the longshoreman's attorney in his opening statements; and (2) whether the award of damages was excessive. The remaining undecided issues relate to the claims for indemnity.

■■ There are differences of view among the members of the court on the first two issues. On balance, however, we have concluded that the jury determinations as to the liability of the manufacturer and of the shipowner should be affirmed but the case should be remanded to the district court for a retrial of the issue of damages alone. In the peculiar circumstances of this case, counsel's wholly unwarranted comment is unlikely to have influenced the determination of liability.[1] Very possibly, however, it may have prejudicially affected the determination of the amount of the verdict, which was substantially in excess of that which

---

1. Counsel described the manner in which the doors were packaged and then said, "They don't do it now after this happened." The impact of the remark upon the issue of liability was limited by the fact that the manufacturer did not contend that the packaging was safe to walk upon but contended rather that it had no notice, prior to the accident, that the packaging would be used in this way.

plaintiff himself had sought by his prayer. In the special circumstances of this case, we have agreed that the ends of justice are more likely to be served if a new trial, limited to the issue of damages, is had. Accordingly it will be so ordered.

We turn to the issues relating to indemnity.

The shipowner claimed indemnity from the manufacturer. The manufacturer sought indemnity from the shipowner and the stevedore. By stipulation these issues were tried to the court, which ruled in favor of the shipowner and against the manufacturer.

1. We consider first the shipowner's claim for indemnity from the manufacturer.

The district court found that the manufacturer was negligent in packaging the bundle of doors and in failing to warn of the danger, and that this negligence was the sole cause of the longshoreman's injuries. The court further found the vessel was unseaworthy because of the presence of the bundle, and for no other reason; and that the shipowner neither knew nor, in the exercise of reasonable care, could have known of the bundle's dangerous condition, and was not otherwise negligent.[2]

■■ The shipowner's liability thus rested solely upon the shipowner's breach, without fault, of its nondelegable duty to provide the longshoreman a safe place to work, and the unseaworthy condition[3] was created solely by the manufacturer's wrongdoing. When the shipowner pays the judgment and thus discharges the manufacturer's obligation, the manufacturer cannot equitably be permitted to retain the benefit thus conferred. In these circumstances, settled principles of quasi-contract require the manufacturer to hold the shipowner harmless.[4]

2. The jury verdict was consistent with the court's findings. The only question submitted to jury with regard to the shipowner's liability was whether the presence of the unmarked bundle made the working surface unsafe. The jury was instructed that if it did, the vessel was unseaworthy, and the shipowner was liable though wholly without fault.

3. Presence of defective cargo containers may render a vessel unseaworthy. Gutierrez v. Waterman S. S. Corp., 373 U.S. 206, 212–213, 83 S.Ct. 1185, 10 L.Ed.2d 297 (1963); Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd., 369 U.S. 355, 364, 82 S.Ct. 780, 7 L.Ed.2d 798 (1962). In *Gutierrez* the Supreme Court explicitly approved the holding in Reddick v. McAllister Lighterage Line, Inc., 258 F.2d 297, 299 (2d Cir. 1958), "that a longshoreman could recover for injuries caused by a 'latent defect' in a cargo crate which broke when the longshoreman stood on it." 373 U.S. at 213, 83 S.Ct. at 1190.

4. States S.S. Co. v. Rothschild International Stevedoring Co., 205 F.2d 253, 255 (9th Cir. 1953), and authorities cited; Prosser Law of Torts § 48 at 279 (3d ed. 1964); Keener, Quasi-Contracts 408–409 (1893); Woodward, Quasi-Contracts §§ 258–259 (1913); Comment, 15 Hastings L.Rev. 530, 541 (1964). Cf. American President Lines, Ltd. v. Marine Terminals Corp., 234 F.2d 753, 756–757 (9th Cir. 1956) (dictum); Burris v. American

Chicle Co., 120 F.2d 218, 222 (2d Cir. 1941); Standard Oil Co. v. Robins Dry Dock & Repair Co., 32 F.2d 182, 183 (2d Cir. 1929); Pierce v. Winsor, 19 Fed. Cases No. 11,150 (C.C.Mass.1861); Cokas v. Perkins, 252 F.Supp. 563 (D.D.C. 1966). Cases imposing primary liability on the tortfeasor, rather than a faultless shipowner, for maintenance and cure due the injured seaman from the shipowner, or granting the shipowner indemnity for prior payments, rest upon similar principles. Gilmore & Black, Law of Admiralty § 614 at 271–72 n. 74, § 618 at 276–77 (1957).

In sustaining the district court's judgment granting indemnity against the manufacturer on this ground, we do not mean to suggest that other grounds, not advanced by the shipowner on appeal, would not serve as well. Possible alternative grounds are: (1) that the shipowner was entitled to the benefits of the *express contractual obligation* of the manufacturer to the shipper to package the doors suitably for export, which, if discharged, would have satisfied the shipowner's obligation to provide a safe place to work, and whose breach had the foreseeable consequence of the shipowner's liability to the longshoreman for unseaworthiness [cf. Crumady v. The J. H. Fisser, 358 U.S. 423, 428, 79 S.Ct. 445, 3 L.Ed.2d 413 (1959); Rederi A/B Nordstjernan v. Crescent Wharf & Warehouse Co., 372 F.2d 674, 677 (9th Cir. 1967); Williams

Moreover, by imposing ultimate liability upon the negligent manufacturer, the loss is placed upon the actor whose default caused the injury. The one best able to eliminate the risk is given the greatest incentive to do so.[5]

■ Nonetheless, the manufacturer contends that this result is precluded by the rule of Halcyon Lines v. Haenn Ship Ceiling & Refitting Corp., 342 U.S. 282, 72 S.Ct. 277, 96 L.Ed. 318 (1952), which confined contribution between joint tortfeasors to collision cases. As noted in Halcyon, 342 U.S. at 285, 72 S.Ct. 277, the general common-law rule bars contribution between joint tortfeasors.[6] Admiralty recognized an exception to this rule in collision cases. Halcyon simply declined to add further exceptions. But the common-law rule which Halcyon affirmed went no further than to bar contribution between joint tortfeasors. Where "the shipowner's claim * * * is not a claim for contribution from a joint tortfeasor. * * * the considerations which led to the decision in Halcyon Lines v. Haenn Ship Ceiling & Refitting Corp., 342 U.S. 282, 72 S.Ct. 277, 96 L.Ed. 318, are not applicable." Ryan Stevedoring Co. v. Pan-Atlantic Steamship Corp., 350 U.S. 124, 133, 76 S.Ct. 232, 237, 100 L.Ed. 133 (1956).[7] In a case such as ours, in which only one party was at fault, the common law allowed indemnity in favor of the innocent party upon whom liability for the wrongdoer's fault had fallen.[8] Accordingly, in States S. S. Co. v. Rothschild International Stevedoring Co., 205 F.2d 253, 254–255 (9th Cir. 1953), this court held that Halcyon did not bar the allowance of indemnity upon quasi-contractual principles against one solely at fault.[9]

■ The manufacturer suggests that the shipowner is a "joint tortfeasor," because its liability, though absolute, is founded in tort. The rule barring contribution between joint tortfeasors is based on the concept "that the law will not assist a wrongdoer in shifting or distributing the burden of damage where his own wrong contributed to the damage." Tetreault, 39 Cornell L.Q. 381, 422 (1954). The rule applies to persons who have "negligently injured a third person" (Restatement, Restitution § 102), and not to persons who are without fault. The fact that the shipowner's duty to provide a safe place to work—to borrow language from an analogous case—"could not be

v. Pennsylvania R.R. Co., 313 F.2d 203, 210–212 (2d Cir. 1963); De Gioia v. United States Lines Co., 304 F.2d 421, 425–426 (2d Cir. 1962); Restatement, Contracts §§ 133(1) (b), 141 (1932)]; (2) that the shipowner was entitled to recover damages, similarly measured, for breach by the manufacturer of implied-in-fact warranty that the packaging was suitable for its foreseeable use as a working floor for the longshoreman [cf. Eastern Motor Express, Inc. v. A. Maschmeijer, Jr., Inc., 247 F.2d 826, 828, 65 A.L. R.2d 765 (2d Cir. 1957); Luckenbach S.S. Co. v. Coast Mfg. & Supply Co., 185 F.Supp. 910. 922 (E.D.N.Y.1960)]; or (3) that in negligently packaging the doors the manufacturer violated a *duty owed directly to the shipowner to exercise reasonable care* to avoid the foreseeable harm of the shipowner's liability to the longshoreman [cf. Williams v. Pennsylvania R.R. Co., 313 F.2d 203, 212 (2d Cir. 1963); De Gioia v. United States Lines Co., 304 F.2d 421, 425–426 (2d Cir.

1962); States S.S. Co. v. Rothschild International Stevedoring Co., 205 F.2d 253, 255–256 (9th Cir. 1953); Jones v. Waterman S.S. Corp., 155 F.2d 992, 999– 1000 (3d Cir. 1946)].

5. Cf. Italia Societa etc. v. Oregon Stevedoring Co., 376 U.S. 315, 323–324 n. 10, 84 S.Ct. 748, 11 L.Ed.2d 732 (1964); Arista Cia De Vapores, S.A. v. Howard Terminal, 372 F.2d 152, 154 (9th Cir. 1967).

6. Restatement, Restitution § 102 (1936).

7. Mickle v. The H. W. Schulte, 188 F. Supp. 77 (S.D.Calif.1960), relied upon by the manufacturer, also involved joint tortfeasors.

8. Restatement, Restitution § 76 (1937). See note 4 and related text.

9. See also American President Lines, Ltd. v. Marine Terminals Corp., 234 F.2d 753, 760 (9th Cir. 1956); Gilmore & Black, Law of Admiralty § 6–57 at 367, 369 (1957).

delegated so as to relieve it from liability to the plaintiff does not make [the shipowner and the manufacturer] joint tort feasors or free [the manufacturer] from liability as indemnitor." Burris v. American Chicle Co., 120 F.2d 218, 222 (2d Cir. 1941).[10]

2. The manufacturer's claim that it should be indemnified by the shipowner or the stevedore is without merit.

 Since the injuries were caused solely by the manufacturer's negligence, and the shipowner and stevedore were without fault, there is no basis for imposing quasi-contractual indemnity upon the latter. The manufacturer points to no express promise to indemnify it. It suggests that it is the beneficiary of implied-in-fact obligations said to run from the shipowner to the shipper, and from the stevedore to both, to perform the work of loading cargo in a safe and workmanlike manner. The argument is in substance an impermissible effort by the manufacturer to use the shipowner's and stevedore's failure to discover and correct the manufacturer's own breach of duty as a defense.[11] Moreover, since the injury was caused solely by a defect in packaging which was neither known nor apparent to the shipowner or stevedore, the injury did not result from a breach of warranty of workmanlike service by either.[12]

The case is remanded for retrial of the issue of damages; the judgment is otherwise affirmed.

BARNES, Circuit Judge, concurs in the result.

KOELSCH, Circuit Judge (dissenting in part).

I agree with the court that the remark in counsel's opening statement concerning Simpson's post-accident change in the manner of packaging doors for shipment was unwarranted and constituted prejudicial error. But I do not share the court's view that this comment, though so gross as to render suspect the amount assessed by the jury as damages and require a new trial on that issue, did not likewise affect the jury's finding of liability.

The remark related primarily, if not solely, to negligence; its chief vice lay in the impermissible suggestion to the jury that Simpson was at fault [2 WIGMORE, EVIDENCE § 283 (3d ed. 1940)]; it was not in that class of remarks which are improper principally because of an appeal to bias and sympathy which may unduly enhance damages.

I would remand for a complete new trial.

CHAMBERS, Circuit Judge, concurs, in part.

---

10. Appellant relies upon statements by the Supreme Court that theories of "active" or "passive," "secondary" or "primary," negligence are irrelevant to the question of liability for contractual indemnity. See, e.g., Italia Societa etc. v. Oregon Stevedoring Co., 376 U.S. 315, 320, 84 S.Ct. 748, 11 L.Ed.2d 732 (1964); Weyerhaeuser S.S. Co. v. Nacirema Operating Co., 355 U.S. 563, 569, 78 S.Ct. 438, 2 L.Ed.2d 491 (1958). Obviously such statements have no bearing on the question involved here—whether one innocent of any fault may claim indemnity from the sole wrongdoer under equitable principles.

11. Ryan Stevedoring Co. v. Pan-Atlantic S.S. Corp., 350 U.S. 124, 134–135, 76 S.Ct. 232, 100 L.Ed. 133 (1956); Horton v. Moore-McCormack Lines, Inc., 326 F.2d 104, 107 (2d Cir. 1964).

12. Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd., 369 U.S. 355, 364, 82 S.Ct. 780, 7 L.Ed.2d 798 (1962). Cf. Caputo v. United States Lines Co., 202 F.Supp. 600, 605 (E.D.N.Y.1962). Section 3(2) of Carriage of Goods by Sea Act [46 U.S.C.A. § 1303(2)] adds nothing to the manufacturer's argument.